I didn't catch your name. Initial J, Hernando Prado, P.A. Radio, for the petitioner. Good morning. This is essentially an adjustment of status case for permanent residents. The petitioner, a United States citizen, established a prime official case for adjustment of status. He had filed a proper visa petition, which was approved. He also filed an I-485. He paid a filing fee. And there was really nothing more to do other than to grant him adjustment of status. However, the government raised an issue of inadmissibility, alleging that at some point he had made a false claim of United States citizenship. Once he established a prime official case, the immigration judge shifted the burden to him to establish that he had not made that false claim. The government presented a witness who had interviewed the petitioner, and also the petitioner testified. The immigration judge ---- Doesn't your client have to prove that he's admissible to get an adjustment of status? Yes. However, that only extends to the prime official case. Once the government raises an issue of inadmissibility, he would have that burden if the information was within his power to produce. In this case, he didn't have that information to produce. The government could not sustain the burden that he had, in fact, made a false claim. The immigration judge determined that the government agent's testimony was insufficient to establish that the petitioner had made a false claim. She also found the petitioner could have or could have not made a false claim. But once she shifts the burden to him to show something more, it's not logical. But the burden is on you if you want relief from deportation, isn't it? Yes, of course. And he did meet that burden. He met the prime official case. However, all of a sudden the government comes and says there's an issue in admissibility, but they can't prove it. They raise the issue, they presented a witness, and the judge could not find one way or another. So the real bottom question is, petitioner denied it. But the bottom line is, how would he have proven that, in fact, he did not make a false claim when the evidence presented in court was insufficient to establish one way or another? They're asking him to disprove a negative. Now, here's my problem, or maybe a problem I have with this case. The immigration judge appears to have applied a different burden of proof from the burden of proof ostensibly applied by the Bureau of Immigration Appeals. Let me explain what I mean. The regulation in question is 8 CFR 1240.8, and if we look at subsection C of that regulation, the respondent must prove that he or she is clearly and beyond a doubt entitled to be admitted to the United States. That's a very heavy burden, and the immigration judge held that that burden had not been satisfied. The BIA, however, did not rely on that section. The BIA relied on the next subsection, subsection D. That's correct. And subsection D says the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply. Which of those two should we be following? I think we should follow subsection D. And therefore, the BIA itself basically erred to a great extent at the immigration judge, because the Court is right. The burden under subsection C is considerably larger, you know. There is, you know, to some extent, they're essentially the same standard. It's just that subsection C is broader. But under subsection D, it says the alien shall have the burden of proving by a preponderance of the evidence that such grounds do not apply. Does that mean under subsection D that your client had the burden of proof by a preponderance? Yes. That, on the question as to whether or not he had falsely claimed a U.S. citizenship, Yes, that is true. However, he did, as much as possible, as could be possible under the circumstances, to meet that burden. My position is that he did meet that burden, subsection D, because of the prima facie case that he established. Usually, if you look at 245I, at 245, it has nothing to do with the false claim. That only came after the government raised the issue because the Petitioner was convicted in, I believe, Stanislaus County, of having not a U.S. passport, not a U.S. birth certificate, a fake I-551, permanent residence card. The statute itself doesn't even claim citizenship. It's just concealed. Where do you get this burden shifting? That is to say, it's not spelled out here in the regulation. That's to say, the burden shifting being as soon as he makes out a prima facie case is the government's burden, because this regulation says that it's his burden. However, there's a distinction between the regular burden to establish a prima facie case and the burden imposed by the government when they raise an issue that they cannot prove, and the Petitioner, the defendant in that case, respondent, doesn't have information to – within his power to prove beyond what the court found that he had not made a claim, a false claim for a benefit under the Act. In other words, you would be – No, no, excuse me. I understand the notion of burden shifting, and I understand what you're arguing, that is to say, once he makes out a prima facie case, it's the government's burden to prove. I'm asking you, where in the law does it say that that's the way this works? That is to say that there is a burden shifting once he makes out a prima facie case. I'm not aware that it does say that it does shift. My argument rests on the proposition that up to the time that he established a prima facie case, there was nothing else until the government said, oh, but he made a false claim for a benefit under the Act, and they provided the information they had, and they couldn't prove that. I'm not sure that that's a burden shifting, but they had to say something. It's like on a – if you raise an issue that you committed something bad, they have to allay something. They have to show some facts. They have to show some evidence, but when that evidence is not sufficient, then I'm back here with what I already presented. I denied it. He denied it. And so I think it's just a logical interpretation of the evidence, and it's a logical interpretation of subsection D. I mean, it's an impossibility. My question to the government is, it's an impossibility. Once the immigration judge found that he neither made a claim or he didn't make or he did not, he had nothing else to show. So I think it's a due process violation to require him to do something more that is not logical. He didn't have any information within his power. He denied it. The government could not establish that he actually made a false claim. There was nothing more to do. And I think a logical reading of that statute has to say under those circumstances he has to be granted adjustment. Did you want to save any time, Mr. Pardo, for rebuttal? I would just address the issue that the government recently cited a ten-circuit court of appeals case. That case is substantially different from the facts of this case. I understand that in that case the alien actually has signed to a private employer an employment card called I-9, and he actually had checked the box that said, I'm a United States citizen. We don't have that here. In this case there's no tangible evidence other than his conviction in criminal court that he made a false claim. So I don't think that case applies. Thank you. Thank you, Mr. Pardo. Good morning. May it please the Court, lease us mercy of the Office of Immigration Litigation for the respondent. The present case involves a petition of review of a decision of the Board of Immigration Appeals affirming the decisions of an immigration judge, which found the petitioner, Mr. Rosales, removable for being present without being admitted or paroled, and denied the petitioner's applications of relief from removability through adjustment of status and cancellation of removal. Specifically, Mr. Rosales was found ineligible for adjustment of status when he failed to meet his burden of proving clearly and beyond doubt that he was not inadmissible for making a false claim to United States citizenship. Furthermore, he was found ineligible for cancellation of removable, where he did not demonstrate the requisite exceptional and extremely unusual hardship to his qualifying relatives. Now, why do you use the burden of proof out of subsection C when the Board uses the burden of proof out of subsection D? I don't think that there's a difference in the burden of proof that the Board is applying, or I should say this correctly. No, I mean, the two subsections are very clear in that they are different. Well, in terms of I believe that the burden of the citation of the Board of 1240.8 was specifically for the purpose of showing that the burden of proof was on the petitioner in this particular case. So in that circumstance, they have to show by preponderance of the evidence that he fulfills the requirements of admissibility. And under the statute, he must show he's clearly and beyond a doubt admissible. It is not in conflict in the government's opinion. But subsection C and subsection D are addressed to different things. Subsection C is addressed to whether or not he's removable. And if the question is whether he's removable, he has the burden of proof clear and beyond a doubt. Subsection D moves to the next analytic step, having determined that he is removable. The next question is, is there relief from removal? Yes. And the Board seemed to think that the question here was whether or not there was relief from removal that was available and applied subsection D. Was the Board wrong in deciding and saying that the question in front of it was relief from removal? No, the Board was not wrong. As I said earlier. Then how do you get back to the burden of proof in subsection C, which is higher? Because what is happening here is that the Board has to decide whether or not he's eligible for relief. So the burden under 1240.8 is the alien shall have the burden of establishing that he or she is eligible for any requested benefit or privilege, and that should be granted in the exercise of discretion. Now, the second part of that section does say, if the evidence indicates that one or more of the grounds of mandatory denial of the application for relief may apply. I'm sorry. You're speaking too fast and you're mumbling. I was just trying to get through that beginning part to the section that you're referring to. That the burden proving by preponderance of evidence that such grounds do not apply. However, the purpose of that regulation is to put the burden on the alien that they have to prove eligibility. And the eligibility section in this case is whether or not this person is admissible. And the standard for the admissibility is clearly and beyond a doubt by statute. So he has to show by preponderance of the evidence that he's clearly and beyond a doubt admissible. So there's absolutely no conflict in between those two burdens. The two standards of proof when you talk by preponderance of evidence to show he's clearly and beyond a doubt. You're congealing those two. These two subsections in 1240.8 seem to me, I'd like you to respond to my comments, to relate to several circumstances. If there's a board-initiated proceeding or INS for a metal against its DHS, to remove subsection C would apply. That's an initiated proceeding. Yes. Where the burden is on the alien. I'm sorry. For the grounds of inadmissibility, the burden is still on the alien. It's not on the government. Is that what you're saying? I'm saying the standards. That's the issue here I think we're discussing. The standards of the burden of proof. If it's board-initiated to remove him, the alien, assuming he's an alien, has to respond and fight off that allegation. And I would say sub C applies. If it's a petitioner-initiated request for particular relief, this is just the status in this case. Subsection D would apply. And the burden of proof would be a lesser standard. The burden would always be on the alien, but the standard would be promise the evidence. Do you agree with that or not? I would agree that the burden is on the alien. However, what the question is here is whether or not he's admissible. And if he the question of whether or not he's admissible, the burden of proof is clearly and beyond a doubt. It is not preponderance of the evidence. It is clearly and beyond a doubt. He has to show that he's clearly and beyond a doubt admissible by statute under INA 240C2A. And under that particular statute, it states if an alien is an applicant for admission, which he is in this particular case for adjustment of status, that the alien is clearly and beyond a doubt entitled to be admitted and is not admissible under Section 1182. That is the requirement. When does the preponderance standard kick in? The preponderance of the evidence standard, in terms of the regulation, it's talking about relief from removal in the best way to state this is that if you had another form of relief from removal in which there was no standard stated, he would have to show it for a preponderance of the evidence. However, in adjustment of status, in adjustment of status, he has to show he's admissible. And because he has to show he's admissible, the standard is clearly and beyond a doubt. So he has to show by a preponderance of evidence that he's clearly and beyond a doubt admissible. But admissibility is relevant for two determinations. Admissibility is relevant in terms of whether he's removable in the first place. And I gather he's failed that standard of proof. I'm just willing to accept that. But then the next question is there's certain grounds in which you can get relief from removal. And it appears that the same question shows up, that is to say, is he admissible? But when the issue, ultimate issue now is relief from removal, admissibility, he doesn't have to show it so clearly. He needs to show it merely by preponderance. At least that's how I read the regulations. Your Honor, I would respectfully disagree. It's the same question. It's admissibility. But under the two sections, there's a different burden of proof. I believe that would be completely contrary to the statute. As I just quoted you in INHR 42. Completely contrary to the regulation? It's not contrary to the regulation either. As I've been explaining, he has to show that he's admissible. I understand that. In this particular case. And the standard is clearly and beyond a doubt under the statute. The regulation and the statute are not in conflict. It just happens that in this particular case, to show that you are eligible for adjustment of status, he must show that he's clearly and beyond a doubt admissible, which other circuits have adopted. As I mentioned in Kachkar and in Atteca, these standards have been adopted that he has to show he's clearly and beyond a doubt admissible. That's the relevant question in this particular case. I wouldn't be misled. Well, I understand that it's the relevant question whether he's admissible, but at a different level and more precisely applicable to the relief that the government seeks or the relief that he seeks, the government wants to get him out of here. And there are two steps to that. Number one, the government has to get a holding that he is removable. That's subsection C. And then he gets to argue that even though he's removable, because he's failed to satisfy subsection C, he's entitled to relief from removal. And there are various possible grounds for relief from removal. Well, one of them is adjustment of status. And he may or may not be entitled to adjustment of status. But I think it's perfectly sort of logical or permissible for the government by statute to have provided that, okay, when we're deciding whether or not you can get adjustment of status as a relief, if you're otherwise entitled to adjustment of status, if there's some disqualifying factor, let's just say you're not admissible, we're not going to be quite so harsh in the burden of proof that we're going to impose upon you. And that's subsection D. I don't believe that that's an accurate reading of the regulation. I believe as the ‑‑ But then you've simply read subsection D out of the regulation for someone who is seeking relief from removal based upon adjustment of status. Pardon me. I'm sorry. I'm running out of time. May I answer the question? The O, please. Again, as I was saying earlier, these regulations and the statutes are not in conflict. The question is, is whether or not the alien has the burden of proof to prove. I understand what you're getting to, and please don't be annoyed. I'm trying to make this as clear as I can. No, no, you're doing your job. You just keep going. Basically, I believe that the regulation, the regulation in this particular case, sets out a criteria in which the alien has to prove his eligibility for relief from removal. In adjustment of ‑‑ Let me ask you a different question, because I think your point on that one is clear and the time is running. I apologize. I am going to take you over by a little bit. Let's assume, and I'm not asking you to concede, let's assume that the relevant question in front of us now is the question that the board said was in front of it, that is to say application of subsection D. And under subsection D, the alien has the burden of proof by preponderance. Has the alien satisfied it on this record, satisfied subsection D on this record, preponderance? He has not. I mean, as I stated in my brief, which I would refer to in this particular case, in light of two equally credible yet opposite statements, under any burden of proof, it is impossible for Mr. Rosales to demonstrate that he is admissible. Should we ask the I.J. to determine that? Because the I.J. obviously, the I.J. stepped back and said, you know, I've got a he said, she said. And because the standard of proof that I'm applying, subsection C, is not clear and convincing or whatever, clear and beyond doubt, he's not there. So I don't have to resolve this. But the I.J. wasn't asked, and it was the I.J. who heard the testimony and so on. Should it go back to the I.J. to make the determination as to whether or not the preponderance of the evidence has been satisfied? No, because I believe the immigration judge's decision makes absolutely clear that he found both testimony credible. No, no, I don't think she did. I think she said, I find them both inconsistent and self-serving. Maybe both incredible. But, no, she did not say they were both credible. Essentially, she found that both of them being equally of equal. I believe she used the word incredible. I don't have the exact language in front of me, even though I can look at it quite quickly if you wish. But as far as she was concerned, in a way I agree with you, she just said, listen, I've got a he said, she said. They both had their reasons to not tell the truth, and I don't have to decide between the two of them. Essentially, to quote her exact language, she said, however, the burdens on the respondent to prove, as you said, clearly and beyond a doubt that he'd not. But she specifically finds that since the evidence on the record could easily be construed in either direction, the court finds that the respondent has not met his burden. I think in that particular case, because ---- Kagan. It could easily be construed, but she hasn't yet construed it. She hasn't made a finding. But she finds that the evidence could be equally construed in either direction. So in that particular case, given that the evidence could be equally construed in either direction and the burden is on the Petitioner in that case, then the court should find that he's not, he cannot sustain his burden of proof. And thus, he's inadmissible. I got it. Thank you very much. I apologize for taking you over. That's fine. Mr. Pardo, you have a minute left if you'd like it. Basically, Honorable Justice, the government's argument is a circular argument. They keep coming back to the same point. It was the Petitioner's burden to show that he was not inadmissible as charged on the subsection C. And I think on their subsection D, the Petitioner met his burden of proof. I will submit it on that. Thank you. Thank you very much. Thanks to both counsel. The case just argued is submitted. Good morning.
judges: Silverman, Fletcher, Timlin